UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JACQUELIN BARR, | : | Hon. Joseph H. Rodriguez |
| Plaintiff, | : | Civil Action No. 08-1073 |
| v. | : | |
| PITTSGROVE TOWNSHIP BOARD OF EDUCATION | : | Memorandum Opinion |
| Defendant. | : | |

Presently before the Court is Plaintiff Jacqueline Barr's motion for relief from judgment, pursuant to Fed.R.Civ.P. 60(b), motion to alter judgment pursuant to Fed.R.Civ.P. 59(e), and motion for leave to file an amended complaint pursuant to Fed.R.Civ.P. 15(a). The Court has reviewed the submissions of the parties and for the reasons that follow will deny the motions[1].

I. Background

For purposes of the pending motions, the facts of this case are straightforward. Plaintiff Jacqueline Barr ("Plaintiff" or "Barr") was an employee of Defendant Pittsgrove Township Board of Education ("Defendant" or "Pittsgrove") from 1990 through March 3, 2007. Compl. ¶6. Barr requested medical leave effective February 20, 2007 and provided the necessary documentation. Id. at ¶9. The Township denied her request for leave and Barr filed an action in this Court on February 28, 2008, predicated solely upon the Family Medical Leave Act, 29 U.S.C. § 2601 et seq ("FMLA"). The parties

---

[1]The motions were filed as one submission, reflected as entry [7] on the docket.

eventually agreed that Barr did not have the requisite hours to invoke leave under the FMLA and, therefore, on September 8, 2008 entered into a Stipulation of Dismissal **with prejudice**.

On September 22, 2008, Barr filed the current motions. She seeks leave to amend/alter the judgment so that she may file an amended complaint alleging violations under the New Jersey Law Against Discrimination, N.J.S.A. 10:5-12 et seq ("NJLAD").

## II. Discussion

"The general purpose of Rule 60 . . . is to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice must be done." Boughner v. Secretary of Health, Education, and Welfare, 572 F.2d 976, 977 (3d Cir. 1978); see also Kock v. Government of the Virgin Islands, 811 F.2d 240 (3d Cir.1987) (quoting 7 Moore's Federal Practice § 60.27[2] (2d ed. 1985) (stating that the Rule must be applied in a manner that respects "the finality of judgments [which] is a sound principle that should not lightly be cast aside. . . ." )). Consistent with this principle, relief under Rule 60(b) is "addressed to the sound discretion of the trial court guided by accepted legal principles applied in light of all the relevant circumstances." Ross v. Meagan, 638 F.2d 646, 648 (3d Cir.1981). The power to set aside a judgment is not boundless, however, as Rule 60(b) "does not confer upon the district courts a 'standardless residual of discretionary power'." Moolenaar v. Government of the Virgin Islands, 822 F.2d 1342, 1346 (3d Cir.1987).

To obtain relief under Rule 60(b)(1), a party must show "mistake, inadvertence, surprise, or excusable neglect." The Third Circuit employs an equitable test that considers "the totality of the circumstances" to determine whether neglect is excusable.

Welch & Forbes, Inc. v. Cendant Corp., 234 F.3d 166, 171 (3d Cir.2000) (citing Pioneer Inv. Servs. v. Brunswick Assocs. LP, 507 U.S. 380 (1993)). These considerations include "1) the danger of prejudice to the other party; 2) the length of the delay and its potential impact on judicial proceedings; 3) the reason for the delay-and whether it was within the movant's control; and 4) whether the movant acted in good faith." Nara v. Frank, 488 F.3d 187, 193 (3d Cir. 2007)(citing Welch & Forbes, inc., 234 F.3d at 171).

Here, Plaintiff filed the current motion within the ten days of entering into the stipulation of dismissal. Although there appears to be no delay in the filing of the motion, Defendant asserts that the parties negotiated the stipulation of dismissal in good faith during the pendency of the action and that they would be prejudiced if Plaintiff were allowed to proceed. Without offering a defense to the proposed NJLAD claim, Defendant asserts that Plaintiff's former counsel was competent, implying that an NJLAD claim is without merit. Plaintiff did not file a response to Defendant's assertion of prejudice or address in further detail whether the possibility of filing under the NJLAD was ever discussed.

The consideration that weighs most heavily against Plaintiff is that her offered reason for the neglect is not excusable. Plaintiff alleges that her previous counsel was "evidently unaware" of her potential claim(s) under the NJLAD and characterized this as an "oversight". Pl. Br. at p. 5. She further argues that such an oversight was reasonable in light of Third Circuit precedent holding that a temporary disability does not qualify as a disability under the NJLAD. Id. (citing Conoshenti v. PSE&G, 364 F.3d 135, 151 (3d Cir. 2004)). Plaintiff contends that since Conoshenti was decided there have been modifications to the NJLAD regulations that would permit a claim for temporary

disability. According to Plaintiff, since these alleged modifications came into effect, no court has had the opportunity to review Conoshenti.

Plaintiff does not qualify for relief under Rule 60(b)(1). Regardless of the merits of Plaintiff's claims related to the continued precedential value of Conoshenti, Plaintiff's characterization[2] of her former counsel's actions or omissions does not establish mistake or excusable neglect. Even if Plaintiff's depiction of her former counsel's reasoning is accurate, it is well settled that ignorance of the law or mistaken application of the law do not constitute excusable neglect. See, e.g., Ceridian Corp. v. SCSC Corp., 212 F.3d 398, 404 (8th Cir. 2000)("Neither a mistake of law nor the failure to follow the clear dictates of a court rule constitutes excusable neglect.") Moreover, the amendments to the NJLAD that Plaintiff claims would permit her amended complaint were made in January, 2006. Plaintiff's original complaint was filed in February 2008, two years after the amendments. Therefore, the "oversight" is not reasonable and does not constitute excusable neglect.[3]

Finally, Plaintiff here entered into a stipulation of dismissal. "[V]alid stipulations entered into freely and fairly should not be lightly set aside." Orvosh v. Program of Group Ins. for Salaried Employees of Volkswagen of Am., Inc., 222 F.3d 123, 129 n.7 (3d

---

[2] Plaintiff has not provided an affidavit or statement from her former counsel explaining the failure to plead a claim pursuant to the NJLAD. Thus, the Court is constrained to analyze former counsel's conduct as characterized by Plaintiff and expresses no opinion as to the alleged shortcomings of the representation provided.

[3] Plaintiff's reliance on Page v. Schweiker, 786 F.2d 150, 155, n.3 (3d Cir. 1986) for the proposition that legal error may constitute excusable neglect is unpersuasive. The Third Circuit in Page was addressing the applicability of Rule 60(b)(1) to correct legal errors of the court in lieu of filing an appeal. For this reason, Plaintiff's citation of James v. Virgin Islands Water and Power Authority, 119 Fed Appx. 397 (3d Cir. 2005) also misses the mark.

Cir. 2000)(citing <u>Waldorf v. Shuta</u>, 142 F.3d 601, 616 (3d Cir.1998)).  The Court has considered the fact that this decision bars Plaintiff from pursuing a potential claim under the NJLAD.  However, given all of the circumstances of this case, most notably the reason offered for the omission, the Court finds that the conduct complained of does no warrant relief pursuant to Fed.R.Civ.P. 60(b).

### III. Conclusion

The parties in this case negotiated a stipulation of settlement with prejudice.  Given that the alleged deficient actions of Plaintiff's former counsel do not rise to the level warranting relief pursuant to Rule 60(b), Plaintiff's motion for relief from judgment is denied.  The Court need not address the Rule 59(e) motion or the Rule 15(a) motion to file an amended complaint.  An appropriate Order shall issue.


Dated: April 8, 2009

                                                    /s/ Joseph H. Rodriguez
                                                  JOSEPH H. RODRIGUEZ
                                                  United States District Judge